## Supreme Court— General Term—First Department.

### *January*, 1885.

## PEOPLE *v.* O'LOUGHLIN.

### APPEAL.—INSTRUCTIONS AS TO CHALLENGE.

Where the appeal book contains with respect to the impaneling of
the jury, simply a statement that "a jury was impaneled and
sworn," the General Term will presume that all the requirements of
law in that regard, were complied with, and therefore it cannot be
objected that it does not appear that the court instructed the pris-
oner, at the time the jurors were drawn, in respect of his right to
challenge.

APPEAL from judgment of conviction.

The defendant, Thomas O'Loughlin, was indicted in the
court of General Sessions of New York of the crime of grand
larceny in the second degree, and on March 26, 1884, said in-
dictment was tried before Hon. HENRY A. GILDERSLEEVE, one
of the judges of said court, and a jury, who found defendant
guilty of the offense charged, whereupon he was sentenced to
imprisonment in the penitentiary for the term of two years.

When the prisoner was arraigned for sentence, his counsel
moved for a new trial and in arrest of judgment, on the ground,
among others, that the court had not instructed the prisoner
under section 369 Code Crim. Proc. as to his right to chal-
lenge, which motion was denied.

*P. Doran Killian,* for the prisoner, appellant.—The ex-
ceptions relating to motion for new trial and arrest of judg-
ment, are not too permissive, but relate to mandatory matter.
The court must, when each juror is sworn, apprise the prisoner
of his right to challenge, &c.   This cannot be explained away
by reading between the lines "*except* when he appears by coun-
sel."   The legislature could readily have inserted the exception,
if it meant the provision should only be operative in absence

of counsel. The facts claimed for error not being denied, and the record showing call of jurors, swearing of jury and adjournments, but not showing the notice to the prisoner, the judgment should have been arrested.

*Randolph B. Martine,* district attorney, and *De Lancey Nicoll* (assistant), for the people, respondent.—There being nothing in the printed case to show that the court did not comply with section 369 of the Code of Criminal Procedure, by informing the defendant of his right to challenge an individual juror, or with section 415, by admonishing the jury at each adjournment, it must be presumed that in both respects the court complied with the law. The regularity of the proceedings upon the trial will be presumed, unless the contrary appears. *Wharton's Criminal Ev.* §§ 819–835, and cases cited.

PER CURIAM.—The appellant in this case was convicted upon an indictment charging the larceny of twenty-six U. S. treasury notes of various denominations. The evidence tended to show that he received from one Walsh $26 in money of the kind charged in the indictment which he received as collecting agent for Beadleston & Woerz and converted to his own use.

The principal question in the case arises upon an alleged insufficiency of proof touching the value and character of the money received. Upon this subject it is enough to say that the evidence was sufficient to warrant the court in sending the question to the jury whether or not the money received by the appellant was U. S. treasury notes or other U. S. banking currency of the value alleged; and the jury having found against the appellant upon such evidence, we think there is no question but that the finding should be sustained.

With respect to the impanelling of the jury the case contains simply a statement in these words : " A jury was impaneled and sworn." It is now objected that it does not appear that the court instructed the prisoner at the time the jurors were drawn in respect of his right to challenge, as required by the Code of Criminal Procedure. No such question arises, because it does not appear but that the court did give such instructions, and from the statement contained in the case that

a jury was impaneled and sworn this court on appeal is bound to presume that all the requirements of law were complied with.

We see no reason to interfere with the conviction and judgment, and they must therefore be affirmed.

DAVIS, P. J., DANIELS and BRADY, JJ., sitting.